UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN T. HEDEGUS,<br><br>        Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner,<br>Social Security Administration,<br><br>        Defendant. | Case No.: C 05-01822 PVT<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT OR REMAND** |

      In this Social Security case, Plaintiff brings an action pursuant to 42 U.S.C. §§ 405(g) appealing a final decision by the Commissioner of Social Security.[1] The Commissioner partially denied Plaintiff's claims for disability insurance under Title II of the Social Security Act (42 U.S.C. § 400 et seq.) for the time period beginning on November 1, 2000 through November 25, 2003.[2] Now before this court are Plaintiff's Motion for Summary Judgment or Remand, and Defendant's Cross-Motion for Summary Judgment .

---

    [1]    The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

    [2]    The Commissioner partially granted disability insurance effective November 26, 2003, the day of Plaintiff's 55th birthday.

ORDER, *page 1*

## I. FACTUAL BACKGROUND

### A. Plaintiff's Age, Education & Work Experience

Plaintiff is a 55 year-old male, who was 51 years old at the onset date of alleged disability. Plaintiff completed high school in 1968. Plaintiff worked as an electric line worker for approximately 20 years.

### B. Plaintiff's Hearing Testimony

Plaintiff testified that he ceased working in November 2000 when he was employed as a street line crew foreman. After 20 years of work, Plaintiff is unable to work because of lack of mobility, difficulty with balance, back pain, hearing problems and dizziness. Plaintiff had difficulties with equilibrium. Plaintiff takes Vicodin for pain. Plaintiff stated that the medication made him lethargic and "lazy."

Plaintiff further testified that he intended to continue working and was planning on getting a job that would pay him over $100,000 per year.

### C. Vocational Expert Testimony

During the testimony of Vocational Expert ("V.E.") Nancy Rynd, the Administrative Law Judge ("ALJ") posed the following hypothetical to the V.E.: " ... under age 55 with his education, which is 12th grade, light, no balancing, and has to avoid extreme noise and frequency. Are there any jobs in the regional or national economy that person could perform?"

The V.E. testified that such an individual could work as a Parking Lot Attendant (DOT # 915.473-010), Security Guard (DOT # 372.667-034), and Mail Clerk (DOT # 209.687-026). On December 8, 2003, the V.E. submitted a follow up statement which stated that there would be no "readily transferable" skills from plaintiff's line worker experience to wafer line-workers who must have previous experience with wafer polishing machines and be in "good physical shape."
(as required by the GRIDS. 20 C.F.R. Pt. 404, Subpt. P, App. 2.).

### D. Relevant Medical Evidence

A progress note states that Plaintiff complained of neck and back pain. Plaintiff's range of motion in his neck was fair. There was bilateral upper extremity tenderness. Also, sensory deficits were identified in the upper extremities and the lower right extremity. Plaintiff was diagnosed with

ORDER, *page 2*

chronic epicondlyitis and chronic tendonitis of upper extremities. Plainitff was referred to physical therapy for treatment of his neck, back and ankle symptoms. Vicodin, Vioxx, and a leg protector were prescribed.

On October 2, 2000, Plaintiff visited the Occupational Health Center at Kaiser Hospital in San Francisco. Plaintiff explained that he had twisted his ankle and fallen on his left side, causing pain in his back. Plaintiff was diagnosed with a neck strain, back strain, and left ankle strain. On November 12, 2001, Plaintiff took an ankle x-ray which showed degenerative arthritis.

Charles Meltzer, M.D., examined Plaintiff on November 7, 2000. Plaintiff had had recent onset of tinnitus and sudden episodes of vertigo subject to exposure to loud noise. Dr. Meltzer decided to refer Plaintiff for further examination to verify any hearing loss.

Luba Abascal, M.D., examined Plaintiff on November 7, 2001. Plaintiff's physical examination revealed edema, mild left ankle effusion, mild to moderate left Achilles tenderness, and a swollen left Achilles tendon. Plaintiff was diagnosed with left Achilles tendonitis.

R. Mendez, M.D., examined Plaintiff on May 6, 2002. Dr. Mendez noted pain, swelling and warmth to the touch over Plaintiff's right knee. There was also pain associated with movement of Plaintiff's right knee. Plaintiff was on partial weight bearing status. Dr. Mendez injected Plaintiff with Ceftriaxone.

On May 10, 2002, Plaintiff was treated at Kaiser Permanente for a follow-up visit. Plaintiff's examination showed large right knee effusion and mild warmth. Plaintiff was diagnosed with "right knee arthritis - prob. gout." John Mitre, M.D., subsequently examined Plaintiff. Dr. Mitre's examination showed left ankle swelling and right knee suprapatellar effusion and positive patellar apprehension. Dr. Mitre wrote " [g]iven the new joint swelling a polyarticular arthropathy must be considered."

On August 22, 2002, Plaintiff had right knee and left ankle symptoms. On September 13, 2002, Plaintiff presented with pain in his right knee, lower back, neck and shoulders. Plaintiff complained that his knee and ankle were "always ... swollen."

On January 8, 2003, Dr. Gable performed a consultative evaluation on Plaintiff which showed mild to moderate tenderness of Plaintiff's right joint space. Plaintiff had a slight limp and

could raise his leg straight to 80 degrees. Dr. Gable stated that Plaintiff's range of motion from all of the joints appeared to be normal with no deformity, heat, swelling or redness. When testing Plaintiff's grip strength, Dr. Gable did not think Plaintiff made an adequate attempt. Dr. Gable did not note a problem with Plaintiff's hearing at a four to five foot distance. Dr. Gable opined that Plaintiff could sit up to six hours a day with the usual breaks. Also, Dr. Gable opined that Plaintiff could walk up to six hours a day, but would probably need to walk at his own pace.

On April 25, 2003, David Manace, M.D., performed a comprehensive otolaryngologic evaluation of Plaintiff. The test results were normal, however Dr. Manace noted that Plaintiff did suffer from noise-induced hearing loss. Dr. Manace opined that Plaintiff was precluded from working at unprotected heights.

On January 14, 2004, Lok Chan, O.T.R., conducted a Functional Capacity Evaluation of Plaintiff. Chan concluded that Plaintiff was able to safely lift 30 pounds from waist to shoulder level; however, Plaintiff was not able to perform lifting from the floor level due to Plaintiff's inability to squat or kneel. Plaintiff also demonstrated limitations with prolonged standing and walking. Plaintiff had difficulty with repetitive overhead reaching. Chan further stated that Plaintiff should avoid carrying anything heavier than 10-15 pounds due to safety issues and unsteadiness while walking.

## II.   Procedural Background

Plaintiff first applied for Social Security disability insurance benefits on November 12, 2002. That application was denied. Following denial of the claim, Plaintiff requested a hearing before an ALJ. The hearing before the ALJ was held on December 2, 2003. On March 10, 2004, the ALJ rendered a partially unfavorable decision. This action ensued.

## III.   LEGAL STANDARDS

In reviewing a denial of Social Security disability insurance benefits, courts will set aside an ALJ's decision only if that decision is based on legal error or the findings of fact are not supported by substantial evidence in the record taken as a whole. *Tacket v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla" but "less than a preponderance;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971) (citation omitted); *see also, Desrosiers v. Secretary of Health & Human Serv.,* 846 F. 2d 573, 576 (9th Cir. 1988).

It is insufficient for a claimant to show he experienced short periods of severe impairment to the point of disability. To be entitled to benefits, the claimant must establish that the disabling severity of the impairment lasted, or could be expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A); *see also, Taylor v. Heckler*, 576 F.Supp. 1172, 1177 (N.D. Cal. 1983) (*"Taylor I"*), aff'd 765 F.2d 872, 875 (9th Cir. 1985).

While courts must look at the record as a whole, considering both evidence that supports and that undermines the ALJ's findings, it is the ALJ's function to resolve conflicts in the evidence. *See, e.g., Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016 (9th Cir. 1992). However, even if substantial evidence supports the ALJ's factual findings, the decision must nonetheless be set aside if the ALJ applied improper legal standards in reaching the decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978).

To disregard the uncontradicted opinion of a treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). If a treating physician's opinion is contradicted by a non-treating doctor, the treating physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Ibid.*

Similarly, when a claimant demonstrates the existence of a condition that would cause some degree of pain or dysfunction, the ALJ must articulate specific, convincing reasons for rejecting the claimant's subjective testimony regarding his pain and limitations. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001). An ALJ may not reject a claimant's statements regarding his limitations merely because they are not supported by objective evidence. *Id*. at 1147.

The trier of fact, and not the reviewing court, must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner. *See Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996); and *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984) ("If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld.").

Where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir. 1988). More specifically, a court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

When a claimant suffers from both exertional and nonexertional impairments, the ALJ must first consult the Grids to determine whether a finding of disability can be based on the exertional impairments alone. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2). If so, then benefits must be awarded. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989).

### III. Discussion

#### A. The ALJ properly concluded that Plaintiff's disability commenced on November 11, 2003.

Plaintiff argues that the ALJ's decision failed to apply the three factors[3] identified in Social Security Ruling 83-20. This court disagrees. The ALJ properly ruled on Plaintiff's claims. The ALJ's finding was supported by substantial evidence in the record. *Tacket v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999). In his decision, the ALJ noted that Plaintiff had severe impairments of recurrent bursitis of the right knee, osteoarthritis of the left ankle and bilateral hearing loss. The ALJ found that even with these impairments, Plaintiff had a 'residual functional capacity' to perform a significant range of light work.

##### 1. The ALJ properly considered the medical evidence

Based on medical records, the ALJ found that Plaintiff's residual functional capacity showed Plaintiff would be able to carry up to twenty-five pounds, with no significant limitations

---

[3] The ALJ is required to consider the following three factors: (1) the applicant's allegations as to when his disability began; (2) applicant's work history; and (3) the medical evidence concerning impairment severity in determining an onset date. SSR 83-20.

ORDER, *page 6*

on sitting, standing or walking. The ALJ also based his finding, in part, on the 2003 residual functional capacity assessments prepared by reviewing state agency physicians. These assessments found that Plaintiff could perform the exertional requirements of light work, but Plaintiff should avoid occasional climbing.

Dr. Gable's independent examination and the assessment from the state agency physicians are enough to constitute substantial evidence. *See Thomas, supra,* 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.")

### 2. The ALJ properly discredited Plaintiff's testimony

"If the ALJ finds the claimant's pain testimony not to be credible, the ALJ 'must specifically make findings that support this conclusion,' and the findings 'must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the ] claimant's testimony." *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001)(quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

The ALJ properly found that Plaintiff's subjective allegation of a lesser residual functional capacity was not totally credible. The ALJ noted that there was no more than minimal objective support for Plaintiff's description of pain. *See, Connett v. Barnhart,* 340 F.3d 871, 873 (9th Cir. 2003) (negative credibility finding properly based on contradiction between subjective complaints of pain and "normal" x-ray and CT scan results); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant properly discredited because hearing testimony was inconsistent with medical evidence). The ALJ cited to x-rays taken in November 2001, which showed only mild degenerative changes in Plaintiff's left ankle. Also, the ALJ noted that there were no x-rays taken of Plaintiff's alleged disabling left knee. The ALJ noted that Dr. Gable's examination showed a full range of motion in Plaintiff's back and all joints of the upper and lower extremities. Dr. Gable's examination also showed no evidence of deformity, heat, swelling, or redness in any joint. In addition, Dr. Gable's examination stated that Plaintiff had well-developed muscles.

The ALJ further noted that Plaintiff had visited his doctor infrequently for various conditions since the end of 2000. The ALJ further noted that the record showed that Plaintiff's

pain would subside when he took his medication.  The ALJ noted that Plaintiff was able to hear normal conversational levels of speech and that he was a good candidate for hearing aids.  The court finds that the ALJ's reliance on these facts was proper. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (subjective pain complaints properly discredited where claimant received "minimal" or "conservative" treatment); *Bunnell, supra,* 947 F.2d at 346 (holding that "failure to seek treatment or follow a prescribed course of treatment" is relevant to credibility finding").

Finally, the ALJ assessed Plaintiff's credibility using the observations of Dr. Gable, who noted that Plaintiff did not make an adequate attempt during a grip test in January 2003.  Plaintiff's lack of maximum effort on a consultative exam provided another reason for the ALJ to discredit Plaintiff's subjective testimony.  *See, Thomas, supra,* 278 F.3d 959 (claimant's failure to give a maximum or consistent effort on consultative examination is a "compelling" reason to discredit claimant's subjective allegations of disability).  There is substantial evidence which supports the ALJ's findings and, therefore this court defers to the ALJ's findings.

### B. Although the ALJ improperly concluded that Plaintiff had transferable skills, this was harmless error

When the claimant shows an inability to perform past relevant work, a *prima facie* case of disability is established and, at step five of the sequential evaluation process, the burden shifts to the Commissioner to prove that the claimant, based on his age, education, work experience and residual functional capacity, can perform other substantial gainful work that exists in significant numbers in the national economy. *Tacket v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.920(f) (2005).  In the ALJ's decision, the ALJ improperly relied on the V.E.'s testimony in regards to the job of security guard.  The job of security guard (SVP 3) is a semi-skilled job.  In reaching his five-step sequential evaluation process pursuant to 20 C.F.R. § 404.1520, the ALJ wrote "claimant has no transferable skills from any past relevant work."  Also, in a written statement, the V.E. stated that Plaintiff had no "readily transferable" skills as required by the guidelines.  The ALJ's inclusion of a semi-skilled job where both the ALJ and the V.E. concluded that Plaintiff was not capable of completing any skilled or semi-skilled work constitutes legal error.

The V.E. testified and the ALJ found that the jobs of parking lot attendant and mail clerk exist in significant numbers locally as well as in the national economy. Plaintiff contends that the limitations of hearing loss and occasional difficulties with equilibrium precludes one from working as mail clerk and parking lot attendant. Even if Plaintiff's contentions are true, the ALJ noted that it does not affect his analysis because Plaintiff's allegations of such impairments have been discredited. The ALJ was not required to include such limitations in his hypothetical because this court has found, as discussed above in Section I, that the ALJ properly discredited Plaintiff's allegations. *See Osenbrock, supra,* 240 F.3d at 1164-65 ("ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence in the record") (citing *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989)).

The ALJ's inclusion of the security guard job was harmless error, because the V.E testified and the ALJ found that Plaintiff can perform other substantial gainful work that exists in significant numbers in the local and national economy. *See Burch v. Barnhart,* 400 F. 3d 676, 679 (9th Cir. 2005) (decision of the ALJ will not be reversed for errors that are harmless), (citing *Curry v. Sullivan,* 925 F. 2d 1127, 1131 (9th Cir. 1991)).

**C. The ALJ correctly ruled in regards to Plaintiff's onset date**

Plaintiff argues that there is a conflict with the ALJ's finding that the Plaintiff was not credible and the ALJ's finding that Plaintiff was disabled as of November 2003. This court disagrees. The ALJ determined that Plaintiff became "disabled" as a result of his age factor which is wholly independent of Plaintiff's credibility. *See,* 20 C.F.R. Pt. 404, Subpt. P, App. 2. Rule 202.14 pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 2 states that a high school graduate closely approaching advanced age with previous skilled work experience is "not disabled." Plaintiff met Rule 202.14 until November 2003 when Plaintiff reached age 55. The ALJ correctly ruled that Plaintiff was disabled in November 2003. Rule 202.06 of the Grid states that a high school graduate of advanced age, 55 years, with skilled previous work experience is "disabled." In applying Rule 202.06 of the Grid, the ALJ correctly found that Plaintiff was disabled as of his fifty-fifth birthday.

**IV. CONCLUSION**

Because Plaintiff has not established that the ALJ committed reversible error or that the ALJ findings were not supported by substantial evidence,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment or Remand is DENIED.  IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

Dated:  *4/26/2006*

*[signature]*

PATRICIA V. TRUMBULL
United States Magistrate Judge